IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MCKENNA

    Plaintiff,

v.                              Case No: 8:05-CV-2200-T-30 TGW

GARY P. FOLEY

    Defendant,

v.

BANK OF AMERICA,

    Garnishee.
_____/

## FINAL JUDGMENT OF GARNISHMENT
### AS TO BANK OF AMERICA ACCOUNT NUMBER 3678370130

THIS MATTER came on for hearing before the Court on January 21, 2009 at 10:00 a.m. to consider William McKenna's Motion for Final Evidentiary Hearing ("Motion") (Docket No. 33) as well as related Docket entries Nos. 24 (Order on Motion for Writ of Garnishment), 25 (Amended Order), 26 (Writ of Garnishment), 27 (Notice of Garnishment), 28 (Notice of Answer to Writ of Garnishment), 29 (Answer to Writ of Garnishment), 30 (Notice of Claimed Exemption), 32 (Objection to Claimed Exemption). The Motion and two separate notices of hearing were served on the Defendant, Gary P. Foley ("Foley"), at his

last known address. At the hearing, counsel for William McKenna ("McKenna") entered an appearance. No party appeared on behalf of Foley. The Court, being satisfied that proper notice was served, and after reviewing the pleadings and accepting evidence presented by Plaintiff's counsel, finds as follows:

## **Findings of Fact**

1. On June 12, 2006, final judgment was entered in favor of McKenna and against Foley (hereafter the "Judgment"). Pursuant to the Judgment, Foley became liable to McKenna in the amount of $835,884.00, which amount accrues interest until paid.

2. On August 25, 2006 this Court issued a Writ of Garnishment against Foley as the judgment debtor and on the Bank of America as the garnishee (Docket No. 26).

3. Notice of the Writ of Garnishment was provided to Foley on August 31, 2006 (Docket No. 27).

4. Bank of America filed an Answer to the Writ of Garnishment on August 30, 2006 stating that it was indebted to Foley in the amounts of $25,697.99 and $3.12 pursuant to two (2) different bank accounts, specifically checking account numbers 003678370130 and 004432016546 (Docket No. 29).

5. Notice of the Bank's Answer was provided to Foley on August 31, 2006 (Docket No. 28).

6. On or about September 21, 2006, Foley hand delivered his claim of exemption as to the garnished accounts pursuant to Fla. Stat. §77.041 (Docket No. 30).

7. Foley claims the garnished funds are exempt pursuant to Florida Statutes §222.11(3) because he is the head of household and because the funds were allegedly in a joint account with his wife and step-son.

8. Pursuant to Florida Statutes § 77.041(3), McKenna timely objected to Foley's claims of exemption and requested a hearing on the issues and for limited discovery prior to the hearing (Docket No. 31-32).

9. On December 15, 2008, McKenna requested a final evidentiary hearing on all pending issues related to the Writ of Garnishment (Docket No. 33).

10. All pending matters relating to the Writ of Garnishment were set for hearing on January 21, 2009 at 10:00 a.m. Notices of the hearing were issued to all parties (Docket Nos. 35-36).

11. At the hearing, McKenna voluntary withdrew his garnishment claim against the $3.12 held in Account No. 004432016546. The hearing proceeded solely as to the $25,697.99 held in Account No. 003678370130.

12. Foley bore the burden of establishing his right to an exemption under Florida Statutes §222.11(3) for Account No. 003678370130. See In re Parker, 147 B.R. 810, 812 (Bankr. M.D. Fla. 1992).

13. At the hearing, Foley failed to meet his evidentiary burden and establish his right to an exemption under Florida Statutes §222.11(3) Account No. 003678370130.

14. The account statements and signature cards related to Account No. 003678370130 establish that, at all times relevant to this matter, Foley had the individual right to withdraw the funds held in the account and, therefore, asserted complete and total control over the funds in the account. Accordingly, Account No. 003678370130 is subject to garnishment and turn over to McKenna for partial satisfaction of the Judgment.

It is therefore, **ORDERED, ADJUDGED and DECREED**, as follows:

1. William McKenna's request for a final judgment of garnishment as to Account No. 003678370130 is GRANTED pursuant to the terms and conditions set forth herein.

2. Gary P. Foley's claim of exemption as head of household is DENIED.

3. William McKenna is entitled to a Final Judgment on his Writ of Garnishment against Bank of America, the Garnishee.

4. In no event shall Bank of America's liability to William McKenna exceed the sum of $25,697.99 (plus accrued interest, if any) due to the Defendant, Gary P. Foley, from Account No. 003678370130.

5. Bank of America shall immediately pay to William McKenna, the sum of $25,697.99 (plus accrued interest, if any), which is to be credited against the Judgment. Such payment shall be made payable to the Trust Account for the law firm of Brewer Perotti Martinez-Monfort, P.A., 400 North Tampa Street, Suite 2600, Tampa, Florida 33602.

6. Upon payment of the $25,697.99 (plus accrued interest, if any), Bank of America shall be discharged of all liability to William McKenna and Gary P. Foley as a result of this Writ of Garnishment.

7. Plaintiff is directed to immediately pay to the Bank of America the statutory garnishee's attorneys' fees of $100.00. Such Money shall be mailed to Bank of America, c/o J. T. Haley, Esquire, Haley Sinagra Paul & Toland, P.A., 300 Sevilla Ave., Ste. 210, Coral Gables, Florida 33134.

8. Account No. 004432016546 is released from garnishment and is to be turned over to the account holders in the ordinary course of business.

9. All pending motions are denied as moot. The Clerk is directed to close this file.

DONE and ORDERED on _____ Feb. 2 _____, 2009.

JAMES S. MOODY, JR.
United States District Judge

Copies to:
Luis Martinez-Monfort, Esquire
J. T. Haley, Esquire
Gary P. Foley